UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAUTIMILL S.A. | CIVIL ACTION |
| VERSUS | NO: 15-1065 |
| LEGACY MARINE TRANSPORTATION, LLC | SECTION: R(5) |

**ORDER AND REASONS**

Third-party defendant David Hasselman moves the Court to dismiss original defendant and third-party plaintiff Legacy Marine's third-party complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court denies the motion.

**I.   BACKGROUND**

**A.   Parties**

Plaintiff Nautimill S.A. is a corporation organized and existing under the laws of Uruguay. Nautimill sued defendant Legacy Marine Transportation, LLC, on April 2, 2015, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.[2]

---

[1]   R. Doc. 24.

[2]   R. Doc. 1 at 1 ¶ 3.

Legacy Marine is a Louisiana limited liability company with its principal place of business in Chauvin, Louisiana.[3] On August 5, 2015, Legacy Marine filed a third-party complaint against defendants David Hasselman and International Marine Sales and Export, LLC, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.[4]

International Marine is a Florida limited liability company with its principal place of business in Bevard County, Florida.[5] Hasselman, who lives in Florida, is International Marine's principal.[6]

## B. Factual Background

In the spring of 2014, Nautimill was interested in purchasing an inland marine vessel to operate in Uruguay.[7] Nautimill hired Hasselman and International Marine to act as Nautimill's agent to purchase the vessel in the United States.[8] On April 4, 2014, Nautimill, with Hasselman's assistance, purchased a push boat from Legacy Marine.[9] Nautimill believed that the push

---

[3]     *Id.* at ¶ 2.

[4]     R. Doc. 13 at 2 ¶ 3.

[5]     *Id.* at ¶ 2; R. Doc. 22 at 2 ¶ 2.

[6]     R. Doc. 13 at 1-2 ¶¶ 1, 6.

[7]     *See* R. Doc. 1 at 2, 4 ¶¶ 5, 13.

[8]     *See id.* at ¶ 5.

[9]     *Id.*

boat was a "new construction" with two Caterpillar 3412 engines of 1,000 horse power each.[10] According to Nautimill, Legacy Marine gave these specifications for the push boat to Nautimill's agent, David Hasselman.[11]

After Legacy Marine delivered the vessel to Nautimill in Uruguay, Nautimill learned that the engines were not new, but used, and that the engines had a combined maximum capacity of approximately 1,000 horse power, rather than 1,000 horse power each.[12] Nautimill then undertook substantial repairs to the push boat, including replacing the engines and propulsion system, so that the vessel could perform the functions for which Nautimill originally purchased it.[13] Nautimill now sues Legacy Marine under Louisiana law for fraudulent misrepresentation, negligent misrepresentation, breach of contract, and breach of warranty.[14]

Legacy Marine filed its third-party complaint against Hasselman and International Marine on August 5, 2015.[15] Legacy Marine alleges that during

---

[10] *Id.*

[11] *Id.* at 5 ¶ 15.

[12] *Id.* at 3 ¶¶ 8-9.

[13] *Id.* at 6-9 ¶¶ 21, 25, 32.

[14] *Id.* at 5-10.

[15] *See* R. Doc. 13.

its negotiations with Hasselman, who was acting on Nautimill's behalf, Legacy Marine affirmatively disclosed that the engines were rebuilt and rated for 800 horse power each.[16] In addition, Hasselman possessed at least two documents indicating that the push boat's engines had a capacity of 800 horse power each, for a total capacity of 1,600 horse power.[17] Legacy Marine further alleges that Hasselman personally inspected the push boat and attended the vessel's sea trials on Nautimill's behalf.[18] According to Legacy Marine, despite Hasselman's personal knowledge of the push boat's capacity, he incorrectly communicated to Nautimill that the push boat was new and that the engines were rated at 1,000 horse power each.[19] Legacy Marine now sues Hasselman and International Marine for contribution and indemnity, to the extent Legacy Marine is found liable to Nautimill, for fraudulent misrepresentation, and negligence and negligent misrepresentation.[20]

---

[16] *Id.* at 3-5 ¶ 10, 15-16.

[17] *Id.* at 4 ¶¶ 13-4. Legacy Marine attached these documents as exhibits to its third-party complaint and adopts them by reference. Therefore, the Court may consider the facts contained therein as part of Legacy Marine's pleadings. *See* Fed. R. Civ P. 10(c); *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014).

[18] R. Doc. 13 at 3 ¶ 7.

[19] *See id.* at 5 ¶ 17.

[20] *Id.* at 7-9.

### C. Hasselman's 12(b)(6) Motion to Dismiss

Hasselman now moves the Court to dismiss Legacy Marine's third-party complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[21] The only ground on which Hasselman seeks dismissal is Louisiana Revised Statute § 12:1320, which limits the personal liability of a member of a Louisiana limited liability company.[22] In opposition, Legacy Marine argues that Louisiana Revised Statute § 12:1320 does not govern Hasselman's personal liability because he is a member of a Florida LLC. Legacy Marine also argues that whether Louisiana or Florida law applies, Legacy Marine has articulated properly a claim against Hasselman upon which relief can be granted.[23] Hasselman neglected to reply to Legacy Marine's opposing arguments.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft*

---

[21] *See* R. Doc. 24.

[22] *See* R. Doc. 24-1.

[23] *See* R. Doc. 25.

*v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Hasselman argues that, as principal of International Marine, Legacy Marine's claims against him personally must be dismissed because Louisiana law generally provides that a member of a limited liability company is not personally liable for the company's debts, obligations, or liabilities. Hasselman relies on Louisiana Revised Statute § 12:1320 to support his argument.

> Revised Statute § 12:1320 provides, in relevant part:
>
> The liability of members . . . of a limited liability company *organized and existing under this Chapter* shall at all times be determined solely and exclusively by the provisions of this Chapter.
> Except as otherwise specifically set forth in this Chapter, no member . . . of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.

La. Rev. Stat. § 12:1320(A) - (B) (emphasis added). As the plain language of the statutory text reveals, this provision is limited to members of Louisiana limited liability companies.

Regarding foreign limited liability companies, Revised Statute § 12:1342 provides: "[t]he laws of the state or other jurisdiction under which a foreign limited liability company is organized shall govern its organization, its internal affairs, and the liability of its managers and members that arise solely out of their positions as managers and members." La. Rev. Stat. § 12:1342; *see also Thomas v. Bridges*, 144 So. 3d 1001 (La. 2014) ("[Q]uestions of whether a LLC

7

has been validly formed and the extent of personal liability of members are governed by the law of the state in which the LLC is organized.").

Here, it is undisputed that International Marine is a limited liability company organized and existing under the laws of Florida.[24] Accordingly, Louisiana's general prohibition on personal liability actions against a LLC's members articulated in Revised Statute § 12:1320 does not apply. Because this is the only argument Hasselman made in his 12(b)(6) motion to dismiss, the Court denies the motion.

---

[24] R. Doc. 22 at 2 ¶ 2 (admitting that International Marine is a Florida limited liability company).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Hasselman's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

New Orleans, Louisiana, this ___2nd___ day of December, 2015.

_____ *Sarah Vance* _____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE