UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAUTIMILL S.A. | CIVIL ACTION |
| VERSUS | NO: 15-1065 |
| LEGACY MARINE TRANSPORTATION, LLC | SECTION: R(5) |

# ORDER

Michael J. Thompson, Jr. has filed a motion to quash or modify his trial subpoena. Legacy Marine Transportation, LLC opposes Thompson's motion, and argues that Thompson's testimony regarding an affidavit completed by David Hasselman in another case is necessary to impeach Hasselman. The Court grants Thompson's motion because the subpoena is unduly burdensome and because Legacy failed to tender mileage or witness fees.

The decision to quash a subpoena is within the discretion of the district court. *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992). Under Rule 45, this Court must quash a subpoena which "subjects a person to undue burden." Fed. R. Civ. P. 45(3)(A)(iv). Factors to be considered when determining whether a subpoena poses an undue burden include the "relevance of the information requested" and "the need of the party" for the

testimony. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Legacy does not make clear why the affidavit statements are relevant to this case beyond the mere assertion that they are. Further, the Court finds that Thompson's testimony will be unnecessarily cumulative. Although Hasselman's credibility is at issue in the case, Legacy may impeach Hasselman regarding the preparation of the affidavit using the document itself and Hasselman's correspondence with Thompson. Because the information sought from Thompson is available from other sources, imposing the burden of appearing at trial on Thompson is unnecessary. *Zabresky v. von Schmeling*, No. 12-20, 2013 WL 1402324 (M.D. Pa. 2013) (third-party trial subpoena was quashed because information sought was of protected nature, posed unnecessary burden, and was available from other sources).

In addition, Legacy does not dispute Thompson's assertion that it failed to tender witness or mileage fees. "The plain meaning of Rule 45 (b)(1) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena. The courts uniformly agree with this interpretation of rule 45(b)(1), as do the leading treatises on civil procedure." *In re Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003) (internal quotations, modifications, and citations omitted). The Court

2

finds that Legacy's failure to tender these fees provides an additional basis for granting Thompson's motion. *See id.* (upholding district court's granting of motion to quash on grounds that subpoenaing party failed to tender mileage fees).

Finally, the Court notes that, although Thompson does not represent any party in this case, he represents Operaciones Tecnicas Marinas, S.A.S. ("OTM") in a suit against Diversified Marine Services, LLC. *See Operaciones Tecnicas Marinas, S.A.S. v. Diversified Marine Services, LLC, et al.*, No. 15-30932 (E.D. La.). That case is currently on appeal before the Fifth Circuit. *Operaciones Tecnicas Marinas, S.A.S. v. Diversified Marine Services, LLC, et al.*, No. 15-30932 (5th Cir.). OTM's complaint lists Robert Boudreaux, Legacy's principal, as Diversified's agent of service and Diversified is represented by Legacy's counsel in this matter. *See Operaciones Tecnicas Marinas, S.A.S. v. Diversified Marine Services, LLC, et al.*, No. 15-30932, R. Doc. 1, (E.D. La. July 31, 2012) (complaint).

Several courts have recognized the need to sharply limit depositions of opposing counsel. *See United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991) ("[D]epositions of opposing counsel are disfavored . . . ."); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) ("Taking the deposition of opposing counsel not only disrupts the adversarial system

and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation.") Although Thompson is not opposing counsel to Legacy in this case, the Court finds that the concerns animating the above decisions further support quashing Legacy's subpoena.

For the reasons described above, the Court GRANTS Michael J. Thompson, Jr.'s motion to quash Legacy Marine Transportation, LLC's trial subpoena.

New Orleans, Louisiana, this __18th__ day of July, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE